# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                C.A. NO:

TYLER GWOZDZ,

   *Plaintiff*

v.

TIGERSTOP, LLC.

   *Defendant*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, TYLER GWOZDZ ("Plaintiff") is a citizen of the Commonwealth of Massachusetts and currently resides at 109 Spring Street, Fairhaven, Bristol County, Massachusetts.

2. Defendant, TIGERSTOP, LLC. ("TIGER STOP.") is a for-profit corporation incorporated in the State of Washington.

3. At all times relevant to this complaint, TIGER STOP maintained a principal place of business located at 12909 NE 95th Street, Vancouver, Clark County, Washington.

4. At all times relevant to this complaint, Defendant TIGER STOP was doing substantial business throughout the United States, including the Commonwealth of Massachusetts and as such purposefully availed themselves to the laws of the Commonwealth of Massachusetts.

5. TIGER STOP is represented in Massachusetts by attorney Mark Roder, of the Law Offices of Steve B. Stein, Two Financial Center, 60 South Street, Suite 1000, Boston, Suffolk County, Massachusetts.

### FACTS

6. Paragraphs 1-5 are hereby re-alleged and incorporated by reference as if set forth fully herein.

7. On or about November 15, 2013, Vital Wood Products owned, operated, controlled and maintained a wood shop facility within the Commonwealth of Massachusetts, located at 218 Shove Street, Fall River, Bristol County, Massachusetts ("Subject Premises").

8. On or about November 15, 2013, and at all times relevant to this Complaint, the Plaintiff was employed by Vital Wood Products and was assigned to work at the Subject Premises.

1

9. At that date and time, the Plaintiff was working on a TIGER STOP Digital Stop System ("Subject System") with incorporated Whirlwind Up-Cut Chop Saw when his left hand became caught in the machine, resulting in serious personal injury.

10. As a direct and proximate result thereof, Plaintiff sustained severe and permanent personal injuries including but not limited to: severed left thumb as well as part of his left hand which required numerous surgical interventions, ongoing medical treatment, resulting in pain and suffering, scarring, loss of range of motion, permanent loss of the left thumb and part of the left hand, disability, and other serious diverse and permanent injuries and which have rendered him completely and totally disabled.

11. Vital Wood Products purchased, leased, or otherwise possessed the Subject System for the exclusive purpose of usage within the Subject Premises by persons employed directly or indirectly by Vital Wood Products or an affiliate.

12. The Subject System was sold and/or supplied to Vital Wood Products on or before November 15, 2013 by the Defendant, its agents, servants or subsidiaries.

13. The Subject System was defective and unreasonably dangerous.

14. At all times relevant to this complaint the Defendant was a corporation responsible for producing, manufacturing, designing, marketing, and sales of the Subject System for use with saws including Whirlwind Up-Cut Chop Saws.

15. Upon information and belief, Whirlwind acted as an Original Equipment Manufacturer (OEM) for Defendant TIGER STOP, pairing TIGER STOP digital stop systems with their saws.

## COUNT I
## NEGLIGENCE

16. Paragraphs 1-15 are hereby re-alleged and incorporated by reference as if set forth fully herein.

17. The Defendant, as manufacturer of the Subject System described above was negligent in the design, manufacture, marketing and/or failure to warn of said machine, making it unreasonably dangerous to users.

18. The negligent and defective design consisted of the lack of safety protection including, but limited to: any protection against accidental engagement, the lack of any guard or physical barrier which would prevent a worker's extremities, other body parts or clothing from becoming trapped, stuck, or coming in contact with the moving parts, position of user input panel adjacent to all dangerous moving parts, the lack of hand tools for placing and removing materials into the Subject System which would permit easy handling of material and panel input without the operator placing a hand in the danger zone, functional emergency trip wire or stop safety devices in the color red, sensors or devices which shut the machine down in the event of close proximity between the worker and the moving parts, and a lack of covers equipped with interlocking shut-down devices.

19. The Defendants' negligent marketing included, but was not limited to its failure, prior to the sale of the machine to Vital Wood Products, to properly inspect, repair, service and/or warn of the lack of safety protections described in the immediately preceding paragraph, making it unreasonably dangerous to end users or workers.

20. Defendant, TIGER STOP has by matter of contract, assumed responsibility for any liability of the manufacturer of the machine in question arising out of the said defective design, manufacture, marketing and/or failure to warn.

21. As a direct result of the negligence of the Defendant the Plaintiff was seriously injured, suffering severe injuries to his left hand including amputation of his left thumb which required surgical intervention and ongoing medical treatment and has caused permanent disability.

WHEREFORE, the Plaintiff prays judgment against the Defendant in an amount determined by this Court to be just and reasonable, plus interest and costs as provided by law.

*PLAINTIFF CLAIMS TRIAL BY JURY*

## COUNT II
### VIOLATION OF M.G.L. c. 93A --BREACH OF IMPLIED WARRANTIES

22. Paragraphs 1-21 are hereby re-alleged and incorporated by reference as if set forth fully herein.

23. On August 3, 2015, Plaintiff delivered to the Defendant, via certified mail, a letter providing the statutory notice of Plaintiff's claims under G.L. c. 93A §9 and the UCC pursuant to Massachusetts General Law c. 106, §2-607-(3)(a).

24. On August 28, 2015 Defendant responded to Plaintiff's notice letter instructing counsel to direct any further communication to Defendant's attorney, Mark Roder, Law Offices of Steven B. Stein, Two Financial Center, 60 South Street, Suite 1000, Boston, Massachusetts 02111.

3

25. On November 15, 2013, Defendant TIGER STOP was engaged in trade or business and, with regard to the manufacture, sale and distribution of the Subject System acting as a merchant within the statutory definition of G.L. c. 93A.

26. As a merchant relative to the manufacture, sale and distribution of the Subject System, familiar with the particular purpose for which the machine sold and distributed to the Plaintiff's employer was utilized, TIGER STOP. was obligated to produce goods that, at a minimum, were fit for the particular purposes for which Plaintiff's employer intended to utilize such goods.

27. Through the sale and distribution of the Subject System, which was defective in design due to the failure to include available safety devices, covers, guards, interlock devices, hand-tools, shut-offs and safety switches, and therefore not fit for the purpose for which Plaintiff's employer intended to utilize such goods, TIGER STOP breached the implied warranty of fitness for a particular purpose.

28. By breaching the implied warranty of fitness for a particular purpose, TIGER STOP committed an unfair and deceptive act within the statutory definition of G.L. c. 93A.

WHEREFORE, the Plaintiff prays judgment against the Defendant in an amount determined by this Court to be just and reasonable, plus interest and costs as provided by law.

*PLAINTIFF CLAIMS TRIAL BY JURY*

### COUNT III
### VIOLATION OF M.G.L. c. 93A – BREACH OF EXPRESS WARRANTIES

29. Paragraphs 1-29 are hereby re-alleged and incorporated by reference as if set forth fully herein.

30. On August 3, 2015, Plaintiff delivered to the Defendant, via certified mail, a letter providing the statutory notice of Plaintiff's claims under G.L. c. 93A §9 and the UCC pursuant to Massachusetts General Law c. 106, §2-607-(3)(a).

31. On August 28, 2015 Defendant responded to Plaintiff's notice letter instructing counsel to direct any further communication to Defendant's attorney, Mark Roder, Law Offices of Steven B. Stein, Two Financial Center, 60 South Street, Suite 1000, Boston, Massachusetts 02111.

32. On November 15, 2013, Defendant TIGER STOP was engaged in trade or business with regard to the manufacture, sale and distribution of the Subject System, acting as a merchant within the statutory definition of G.L. c. 93A.

4

33. Through the sale and distribution of the Subject System which was defective in design due to the failure to include available safety devices, covers, guards, interlock devices, shut-offs and safety switches, TIGER STOP breached the express warranties provided to the Plaintiff's employer, as the purchaser of the Subject System.

34. By breaching the express warranties provided to the Plaintiff's employer, as the purchaser of the Subject System, TIGER STOP committed an unfair and deceptive act within the statutory definition of G.L. c. 93A.

WHEREFORE, the Plaintiff prays judgment against the Defendant in an amount determined by this Court to be just and reasonable, plus interest and costs as provided by law.

*PLAINTIFF CLAIMS TRIAL BY JURY*

### COUNT IV
### VIOLATION OF M.G.L. c. 93A --BREACH OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE

35. Paragraphs 1-34 are hereby re-alleged and incorporated by reference as if set forth fully herein.

36. On August 3, 2015, Plaintiff delivered to the Defendant, via certified mail, a letter providing the statutory notice of Plaintiff's claims under G.L. c. 93A §9 and the UCC pursuant to Massachusetts General Law c. 106, §2-607-(3)(a).

37. On August 28, 2015 Defendant responded to Plaintiff's notice letter instructing counsel to direct any further communication to Defendant's attorney, Mark Roder, Law Offices of Steven B. Stein, Two Financial Center, 60 South Street, Suite 1000, Boston, Massachusetts 02111.

38. The Defendant warranted that the machine was fit for the purpose for which it was intended.

39. The machine was not fit for the purpose for which it was intended for the reasons stated above.

40. As a direct result of the breach of warranty of fitness for the purpose intended by the Defendant, the Plaintiff suffered serious and permanently disabling personal injuries consisting of, but not limited to, the amputation of his left thumb, as well as a portion of his hand, scarring, loss of range of motion, disability, permanent loss of function, severe pain and suffering, lost income, future lost income, medical expenses and a decreased quality of life.

*PLAINTIFF DEMANDS A TRIAL BY JURY.*

5

The Plaintiff, Tyler Gwozdz,
By his attorneys

*/s/ Donald R. Grady, Jr.*

Donald R. Grady, Jr., BBO# 544841
Kelsey R. Raycroft, BBO#: 692102
SHEFF LAW OFFICES, P.C.
10 Tremont Street, 7th Floor
Boston, MA 02108
(617) 227-7000
DGrady@Shefflaw.com
KRaycroft@Shefflaw.com

Dated: 2/8/16

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __16-0475F__

__Tyler Gwozdz__, Plaintiff(s)

v.

__TigerStop, LLC__, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon __Donald R. Grady, Jr.__ plaintiff's attorney, whose address is __Sheff Law, Twn Tremont Street, 7th Fl., Boston, MA 02108__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the _____22nd_____ day of _____April_____, in the year of our Lord two thousand _____sixteen_____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1 12M — 1/15

# Commonwealth of Massachusetts

SUFFOLK, ss.
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 16-0475F

Tyler Gwozdz

, Plff(s).

v.

TigerStop, LLC

, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

N.B. TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

_____, 201___.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____
_____
_____

Dated: _____, 201___.

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Suffolk |
|---|---|
| PLAINTIFF(S): Tyler Gwozdz | DEFENDANT(S) Tiger Stop, LLC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Donald R. Grady, Jr. (BBO # 544841)<br>Kelsey R. Raycroft (BBO # 692102)<br>Sheff Law Offices, P.C.<br>Ten Tremont Street, 7th Floor<br>Boston, MA 02108<br>(617) 227-7000 | ATTORNEY (if known)<br>Mark Roder<br>Law Offices of Steve B. Stein<br>Two Financial Center, 60 South Street, Suite 1000,<br>Boston, Massachusetts 02111<br>617-772-2800 |
| Board of Bar Overseers Number  *Please see above.* | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C   (F)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass. R. Civ. P. 60)
- [ ] 6. E10 Summary Process Appeal

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses.................................................................................... $ 235,140.51
2. Total Doctor expenses..................................................................................... $ 0.00
3. Total chiropractic expenses............................................................................. $ 0.00
4. Total physical therapy expenses...................................................................... $ 0.00
5. Total other expenses: ..................................................................................... $ 0.00

Subtotal $ +235,140.51

B. Documented lost wages and compensation to date................................................. $ 50,000.00
C. Documented property damages to date.................................................................. $ 0.00
D. Reasonable anticipated future medical and hospital expenses.................................. $ 250,000.00
E. Reasonable anticipated lost wages.......................................................................... $ 4,500,000.00
F. Other documented items of damages (describe): Pain and Suffering........................ $5,000,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe): Severed thumb, and part of hand.

TOTAL $10,035140.51

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):  N/A

TOTAL  $ 0.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record  *[signature]*

DATE: 2/8/16